**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---

ERNEST P. HOWLAND
Plaintiff,

v.

HOME DEPOT U.S.A., INC.
Defendant.

---

Civil Action No. 04 CV 11466 (RWZ)

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant"), by and through its undersigned attorneys, for its Answer to Plaintiff Ernest P. Howland's ("Plaintiff") Complaint, states as follows:

1.  Home Depot admits the allegations set forth in paragraph 1 of the Complaint.

2.  Home Depot admits the allegations set forth in paragraph 2 of the Complaint.

3.  Home Depot admits the allegations set forth in paragraph 3 of the Complaint.

4.  Home Depot is without knowledge or information sufficient to form a belief as to the truth of all of the allegations set forth in paragraph 4 of the Complaint.

5.  Home Depot denies each and every allegation set forth in paragraph 5 of the Complaint except that it admits that it discharged the Plaintiff and terminated

1

his health benefits.

6.     The allegations set forth in paragraph 6 of the Complaint call for a legal

conclusion to which no response is required.  To the extent a response is

required, Home Depot denies each and every allegation.

7.     The allegations set forth in paragraph 7 of the Complaint call for a legal

conclusion to which no response is required.  To the extent a response is

required, Home Depot denies each and every allegation.


## COUNT ONE - FMLA

8.     Home Depot restates and incorporates its answers to Paragraphs 1-7 as if fully

set forth herein.

9.     The allegations set forth in paragraph 9 of the Complaint call for a legal

conclusion to which no response is required.  To the extent a response is

required, Home Depot denies each and every allegation.

10.    Home Depot denies each and every allegation set forth in paragraph 10 of the

Complaint.


## COUNT TWO - TORT

11.    Home Depot restates and incorporates its answers to Paragraphs 1-10 as if

fully set forth herein.

12.    The allegations set forth in paragraph 12 of the Complaint call for a legal

2

conclusion to which no response is required.  To the extent a response is

required, Home Depot denies each and every allegation.

13.     Home Depot denies each and every allegation set forth in paragraph 13 of the

Complaint.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by his failure to mitigate his alleged

damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be offset by any interim income earned by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Home Depot's actions and conduct were based on business reasons; therefore, Home

Depot acted in good faith with respect to the matters alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

At all relevant times, Home Depot's actions were legal, proper, reasonable, and in

conformity with all applicable regulations.

3

## SEVENTH AFFIRMATIVE DEFENSE

Home Depot at all times acted in good faith toward Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Home Depot acted without malice or fault in all conduct relating to this matter.

## NINTH AFFIRMATIVE DEFENSE

With respect to Plaintiff, Defendant has acted in good faith and with reasonable grounds

to believe that its actions and omissions were not in violation of the FMLA, and therefore

Defendant should not be liable for liquidated damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, and are pre-empted by, the Worker's

Compensation Act, M.G.L. c. 152.

## ELEVENTH AFFIRMATIVE DEFENSE

Home Depot reserves the right to amend this Answer to add such affirmative defenses as

warranted by additional investigation and discovery in this case.

WHEREFORE, having fully defended, Defendant Home Depot U.S.A., Inc. prays for

judgment as follows:

A.      An order dismissing the Complaint with prejudice;

4

B.      An order awarding Home Depot its costs and attorneys' fees incurred herein; and

C.      Such other and further relief as the Court deems just and proper.

Respectfully submitted,

HOME DEPOT, U.S.A., INC.

By its attorneys

Robert P. Joy (BBO No. 254820)
Leah M. Moore (BBO No. 658217)
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, Massachusetts  02108
617-523-6666 (phone)
617-367-3125 (fax)

Date: July ___, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, Charles E. Berg, OFFICE OF ALBERT E. GRADY, 226 Montello Street, Brockton, MA 02401, by first-class mail this ___ day of July 2004.

Leah M. Moore

5