UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERNEST P. HOWLAND<br>       Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.<br>       Defendant. | C.A. No. 04 CV 11466 (RWZ)<br><br>Date:     Thursday, August 12, 2004<br>Time:    3:00 p.m.<br>Location: Courtroom 12<br>Judge:   The Honorable Rya W. Zobel |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and in compliance with the Court's Order of July 13, 2004, Ernest P. Howland ("Howland" or "Plaintiff") and Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") (together with Howland, the "Parties"), hereby submit their Joint Statement in the above captioned matter.

### I. INTRODUCTION

On June 7, 2004, Mr. Howland filed a Complaint and Jury Claim against Home Depot in the District Court for Plymouth County, Brockton, Massachusetts. Mr. Howland is seeking to recover damages for alleged violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et. seq.* ("FMLA") and the emotional distress he suffered as a result of the alleged violations.

On June 28, 2004, Home Depot exercised its rights under the provisions of 28 U.S.C. § 1441, *et. seq.*, to remove Mr. Howland's Complaint filed in state court to federal court. Home Depot filed its Answer to Plaintiff's Complaint on July 6, 2004.

On July 13, 2004, the Honorable United States District Court Judge Rya W. Zobel issued a Notice of Scheduling Conference setting this case for an August 12, 2004 Scheduling Conference.

## II.   POSITION OF PLAINTIFF

A.   PLAINTIFF'S POSITION

Mr. Howland contends that he was terminated because of his request for FMLA leave due to his need to care for his wife who was scheduled to undergo a Cesarean section because of a difficult pregnancy.

B.   DEFENDANT'S POSITION

Home Depot denies Plaintiff's allegations. Specifically, Home Depot contends that Mr. Howland was dismissed from Home Depot because of Mr. Howland's continued poor performance and below average reviews.

## IV.   JOINT DISCOVERY PLAN

A.   PHASE 1:   For developing information required for a realistic assessment of the case:

1.   By agreement of the parties, the Parties will make initial disclosures on or before September 1, 2004.

2.   All fact discovery will be completed by February 1, 2005.

      3.    Pursuant to Local Rule 26.1(c), the Parties will be limited to ten (10) depositions for each side, not including expert depositions or third-party record custodian depositions.

      4.    The Parties agree to comply with the discovery event limitations set forth in Local Rule 26.1(C).

B.    PHASE 2:   For developing information required to prepare for trial, if necessary:

      1.    Mr. Howland will provide his expert witness disclosure to Home Depot in accordance with Rule 26(a)(2) no later than February 1, 2005.

      2.    Defendants will provide their expert witness disclosure to Plaintiff in accordance with Rule 26(a)(2) no later than March 15, 2005.

      3.    The Parties will complete depositions of experts by April 15, 2005.

## V. PROPOSED MOTION FILING SCHEDULE

A.    The Parties will file and serve motions for amendments to pleadings by October 3, 2004.

B.    The Parties will file and serve Rule 56 motions by March 15, 2005.

C.    The Parties will file and serve Oppositions to Rule 56 motions by April 6, 2005.

## VI. OUTLINE OF PROPOSED PRE-TRIAL SCHEDULE

The Parties propose that the Court hold the Final Pre-Trial Conference in July 2005.

### VII. TRIAL BY MAGISTRATE JUDGE

The Parties state that they have conferred regarding the possibility of trial by a United States Magistrate Judge. At this time, though Plaintiff consents to trial by a United States Magistrate Judge, Home Depot does not.

### VIII. CERTIFICATION OF CONFERENCE

Executed certifications affirming that each party and party's counsel have conferred regarding the costs of litigation and alternatives to litigation and have conferred regarding alternative dispute resolution are attached hereto.

### XI. SETTLEMENT DEMAND

Pursuant to Local Rule 16(c), the Parties state that Plaintiff presented Home Depot with a settlement demand and that Home Depot is in the process of evaluating that demand.

Dated: August 6, 2004

| | |
|---|---|
| OFFICE OF ALBERT E. GRADY<br>Attorney for Plaintiff<br>226 Montello Street<br>Brockton, MA 02401<br>508-583-8562<br><br>By: _/s/ Charles E. Berg_<br>Charles E. Berg, Esq. | MORGAN, BROWN & JOY, LLP<br>Attorneys for Defendants<br>One Boston Place<br>Boston, MA 02108<br>617-523-6666<br><br>By: _/s/ Robert P. Joy_<br>Robert P. Joy, Esq.<br>Leah M. Moore, Esq. |

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ERNEST P. HOWLAND,

    *Plaintiff*,

v.                                  Civil Action No. 04 CV 11466 (RWZ)

HOME DEPOT U.S.A., INC.,

    *Defendant*.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S CERTIFICATION UNDER LR 16.1(D)(3)

Now comes plaintiff and his counsel and certify that in compliance with Local Rule 16.1(D)(3) they have conferred (a) with a view to establishing a budget for the costs of conducting the full course — and various alternative courses — of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outline in LR 16.4.

Plaintiff, Ernest P. Howland

*/s/ Ernest P. Howland*
Ernest P. Howland
83 Ford Street
Brockton, MA 02301
Tel: 508-587-2778

Dated: August 3, 2004

Plaintiff, by his attorneys,

*/s/ Charles E. Berg*
Charles E. Berg (BBO # 038580)
OFFICE OF ALBERT E. GRADY
226 Montello Street
Brockton, MA 02401
Tel: 508 583-8562
*Fax: 508 586 -0734*

C:\OFFICE\WPWIN\WPDOCS\CEBDOCS\CLIENT\HOWLANDE\CAPTUSDC.001

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERNEST P. HOWLAND<br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.<br>Defendant. | C.A. No. 04 CV 11466 (RWZ) |

## LOCAL RULE 16.1(D)(3) CERTIFICATION

Pursuant to United States District Court for the District of Massachusetts Local Rule 16.1(D)(3), Defendant Home Depot U.S.A., Inc. ("Home Depot") and its counsel hereby certify that they have conferred with a view to establishing a budget for the costs of conducting the full course and various alternative courses of this litigation. In addition, Home Depot and its counsel have conferred to consider the resolution of this litigation through the use of alternative dispute resolution programs. Home Depot will be prepared to respond to whether it will agree to attempt to resolve this litigation by an alternative dispute resolution program at the Joint Scheduling Conference.

Respectfully submitted,

HOME DEPOT U.S.A., INC.

2455 Paces Ferry Road, NW
Atlanta, GA 30339

*Kelly Coogan*
Kelly Coogan, Esq.
Corporate Counsel, Employee Relations

Robert P. Joy (BBO No. 254820)
Leah M. Moore (BBO No. 658217)
MORGAN, BROWN & JOY, LLP
One Boston Place
Boston, Massachusetts 02108
617-523-6666 (phone)
617-367-3125 (fax)
Facsimile: (612) 672-8397

Dated: August 6, 2004

2