COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

| | |
|---|---|
| PLYMOUTH, SS | BROCKTON DISTRICT COURT<br>CIVIL ACTION |
| * * * * * * * * * * * * * * * * * * * * | No. 0415 CV 1004 |
| ERNEST P. HOWLAND, * | |
| *Plaintiff*, * | |
| v. * | |
| HOME DEPOT U.S.A., INC., * | 2427A000006/04/04CIVIL       180.00 |
| *Defendant*. * | |
| * * * * * * * * * * * * * * * * * * * * | 2427A000006/04/04WRITS        5.00 |
| | 2427A000006/04/04SURCHARGE   15.00 |

## COMPLAINT and JURY CLAIM

1. Plaintiff is an individual of legal age and resides at 83 Ford Street, Brockton, Plymouth County, Massachusetts.

2. Defendant, Home Depot U.S.A., Inc., ("Home Depot") is a business corporation organized under the laws of the State of Georgia having a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia.

3. Defendant, Home Depot, employed plaintiff as a department head at its retail home improvement store in Avon, Norfolk County, Massachusetts.

4. In April, 2004, plaintiff was entitled by the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") to and properly applied to defendant for a leave of absence to enable him to provide care for his wife who was scheduled to deliver their first child by Cesarian section, following a difficult pregnancy.

5. On or about April 14, 2004, in retaliation for plaintiff's exercise of his rights under the FMLA, the defendant discharged plaintiff and terminated his health benefits.

6. As a direct result of being discharged by defendant plaintiff has suffered monetary loss from loss of wages and benefits which losses, despite his best efforts to mitigate same, are continuing.

1

7. As a result of being discharged by defendant shortly before his wife was scheduled for cesarian delivery of their first child, plaintiff suffered great mental anguish and severe emotional distress, which anguish and distress are continuing.

## COUNT ONE (FMLA)

8. Plaintiff reasserts the facts alleged in paragraphs one through seven, inclusive and such allegations are fully and completely incorporated in this count of the complaint.

9. Defendant's retaliatory discharge of plaintiff was in violation of the FMLA.

10. WHEREFOR plaintiff demands judgment against defendant pursuant to the FMLA. 29 U.S.C. § 2617, for compensation for his actual monetary damages measured by his retrospective loss of wages and benefits, including, without limitation, his medical, hospital and other out-of-pocket expenses; for front pay, or, in the alternative, for an order that he be reinstated by defendant to his former position; for liquidated damages of twice his actual damages; for his attorney's fees; interest; expert fees and costs and for such further relief to which he may be found entitled.

## COUNT TWO (TORT)

11. Plaintiff reasserts the facts alleged in paragraphs one through seven, inclusive and such allegations are fully and completely incorporated in this count of the complaint.

12. Defendant's discharge of plaintiff was done with the knowledge that plaintiff and his wife were expecting the imminent birth of their first child following a difficult pregnancy for plaintiff's wife who had suffered significant and serious health problems in the past and with the knowledge that such action was likely to cause them severe emotional distress and mental anguish.

13. WHEREFOR plaintiff demands judgment against defendant for compensation for his monetary damages measured by his loss of earning capacity, for his medical and other out-of-pocket expenses and for severe emotional distress and mental anguish and his pain and suffering resulting therefrom.

## JURY CLAIM

Plaintiff demands trial by jury in superior court pursuant to General Laws. c. 231, §§ 103, 104.

Plaintiff, by his/her attorneys,

*Albert E. Brady*
Albert E. Grady (BBO # 206020)

*Charles E. Berg*
Charles E. Berg (BBO # 038580)
OFFICE OF ALBERT E. GRADY
226 Montello Street
Brockton, MA 02401
Tel: 508 583-8562
*Fax: 508 586-0734*

Dated: May 24, 2004

C:\OFFICE\WPWIN\WPDOCS\CEBDOCS\CLIENT\HOWLAND\EFMLACOMP.WPD

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
BROCKTON DISTRICT COURT
CIVIL ACTION

PLYMOUTH, SS

No.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ERNEST P. HOWLAND,

      *Plaintiff,*

v.

HOME DEPOT U.S.A., INC.,

      *Defendant.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATEMENT OF DAMAGES

[√] Plaintiff  [ ] Defendant  [ ] Other (specify) _____ in the above-captioned action, hereby asserts that the money damages (i.e., actual damages only, not including liquidated damages under FMLA, attorney's fees, costs or interest) sought by means of the [√] complaint, [ ] crossclaim, [ ] counterclaim to which this statement of damages is attached, amount to $24,500.00

FORM DCM-39

Plaintiff, by his/her attorneys,

*[signature]*
Albert E. Grady (BBO # 206020)

*[signature]*
Charles E. Berg (BBO # 038560)
OFFICE OF ALBERT E. GRADY
226 Montello Street
Brockton, MA 02401
Tel: 508 583-8562
*Fax: 508 586 -0734*

Dated: May 24, 2004

C:\OFFICE\WPWIN\WPDOCS\CEBDOCS\CLIENT\HOWLANDE\STATDAMA.WPD

Uniform Form DCM-13
AR4 - 76

# Commonwealth of Massachusetts

**TRIAL COURT OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT
BROCKTON DIVISION**

2004 JN 16 PM 2:31

CLERK MAGISTRATE'S OFFICE
DISTRICT CT. DEPT. BROCKTON DIV.

**Plymouth, ss**

Civil Action No. 0415 CV 1004

## SUMMONS
(Rule 4)

To defendant __Home Depot U.S.A., Inc.__ of __2455 Paces Ferry Road, Atlanta, Georgia__
(NAME)                                           (ADDRESS)

You are hereby summoned and required to serve upon __Charles E. Berg__, plaintiff(s) attorney), whose address is __226 Montello St., Brockton, MA 02301__, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS, David G. Nagle, First Justice, on __June 7, 2004__
                                              (Date)

SEAL                                           _(signature)_ Clerk/Magistrate

Note: (1) When more than one defendant is involved, the name of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On __June 10, 2004__, I served a copy of the within summons, together with a copy of the complaint in
  (Date of Service)

this action, upon the within name defendant, in the following manner (see Rule 4 (d) (1-5):

by certified mail pursuant to G.L. c. 223A, sec. 6B.
See Affidavit of Service filed herewith.

_(Signature)_

Charles E. Berg, Attorney for Plaintiff
(Name and Title)

226 Montello St., Brockton, MA 02301
(Address)

Note: (1) The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney. As the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4(f).

(2) Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.

(3) If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c.223, sec. 31).

This form prescribed by the Chief Justice of the District Court

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT

PLYMOUTH, SS                                    BROCKTON DISTRICT COURT
                                                CIVIL ACTION

* * * * * * * * * * * * * * * * * * * *
                                                No. 0415 CV 1004
ERNEST P. HOWLAND,           *
                             *
            *Plaintiff*,     *
v.                           *
                             *
HOME DEPOT U.S.A., INC.,     *
                             *
            *Defendant.*     *
                             *
* * * * * * * * * * * * * * * * * * * *

AFFIDAVIT OF SERVICE OF PROCESS
AS TO DEFENDANT, HOME DEPOT U.S.A., INC.

   I, Charles E. Berg, attorney for the plaintiff, Ernest P. Howland, hereby certify that on November 14, 2003, I sent a letter to the defendant, Home Depot U.S.A., Inc., containing a copy of the enclosed Summons and of the Complaint in this action, and Statement of Damages, Interrogatories and Requests for Production of Documents. Such letter was mailed by certified mail (return receipt requested), pursuant to M.G.L. c. 223A, § 6(a)(3), and directed to Home Depot U.S.A., Inc., 2455 Paces Ferry Road, Atlanta, Georgia 30339-1834. A copy of such letter and a copy of the signed receipt therefor, indicating receipt on June 10, 2004, is attached hereto in support of this affidavit and in compliance with M.G.L. c. 223A, § 6(b).

   Signed under the pains and penalties of perjury this 15th day of June, 2004.

Dated: June 15, 2004

                                    /s/ Charles E. Berg
                                    Charles E. Berg (BBO # 038580)
                                    OFFICE OF ALBERT E. GRADY
                                    226 Montello Street
                                    Brockton, MA 02301
                                    Tel: 508-583-8562
                                    Fax: 508-586-0734

**DATE OF SERVICE**

**June 10, 2004**

# OFFICE OF
# ALBERT E. GRADY
*ATTORNEYS AT LAW*

Albert E. Grady
John W. DeWald
Charles E. Berg
Michael P. Johnson
Edward S. Bear, Jr.

*226 Montello Street, Brockton, Massachusetts 02301 (508) 583-8562*
*Fax (508) 586-0734*

*Cape Cod Office: 16 King's Way, Hyannis, Massachusetts 02601 (508) 778-1492*
*Fax (508) 771-7926*

June 7, 2004

**VIA CERTIFIED MAIL NO. 7003 1010 0003 4713 0507**
**RETURN RECEIPT REQUESTED**

Legal Department
Home Depot U.S.A., Inc.
2455 Paces Ferry Road
Atlanta, GA 30339-1834

Re:  Ernest P. Howland v. Home Depot U.S.A., Inc.
     Brockton (Massachusetts) District Court
     Civil Action No. 0415-CV-1004
     SERVICE OF PROCESS

Dear Sir or Madam:

Enclosed please find a true copy of the following court papers:

1. Summons
2. Complaint and Jury Claim
3. Statement of Damages
4. Interrogatories and
5. Request for Production of Documents

Please be advised that the above process is hereby served upon you pursuant to the Massachusetts Long-Arm Statute, General Laws, c. 223A, § 6(a)(3).

Be advised that a lawsuit has been commenced against you. You are strongly advised to forward these papers without delay to the insurer of the motor vehicle you were operating at the time of the alleged accident as well as to your own insurer if applicable.

Very truly yours,

Charles E. Berg

CEB/ll

Enclosures as noted

C:\OFFICE\WPWIN\WPDOCS\CEBDOCS\CLIENT\HOWLANDE\LONGARM.LTR

*Please direct all correspondence and inquiries to our Brockton office.*

# Commonwealth of Massachusetts

TRIAL COURT OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT
BROCKTON DIVISION

Plymouth, ss

Civil Action No. 0415 CV 1004

## SUMMONS
(Rule 4)

To defendant __Home Depot U.S.A., Inc.__ of __2455 Paces Ferry Road, Atlanta, Georgia__
(NAME)                                                              (ADDRESS)

You are hereby summoned and required to serve upon __Charles E. Berg__ attorney), whose address is __226 Montello St., Brockton, MA 02301__, plaintiff(s) is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS, David G. Nagle, First Justice, on __June 7, 2004__
                                                                      (Date)

SEAL

Clerk/Magistrate

Note: (1) When more than one defendant is involved, the name of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2) The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

---

**U.S. Postal Service CERTIFIED MAIL** (Domestic Mail Only;)

For delivery information

Postage $
Certified Fee
Return Reciept Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Sent To: Home Depot
Street, Apt. No. or PO Box No. 2455
City, State, ZIP: Atlanta

PS Form 3800, June 2002

7003 1010 0003 4713 0507

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
   Legal Department
   Home Depot U.S.A., Inc.
   2455 Paces Ferry Rd.
   Atlanta, GA
   30339-1834

2. Article Number (Transfer from service label) 7003 1010 0003 4713 0507

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
B. Received by (Printed Name)   C. Date of Delivery
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

## OFFICE OF
## ALBERT E. GRADY
*ATTORNEYS AT LAW*

Albert E. Grady
John W. DeWald
Charles E. Berg
Michael P. Johnson
Edward S. Bear, Jr.

2004 JN 16 PM 2:30

CLERK/MAGISTRATE'S OFFICE
DISTRICT CT. DEPT. BROCKTON DIV.

226 Montello Street, Brockton, Massachusetts 02301 (508) 583-8562
Fax (508) 586-0734

*Cape Cod Office: 16 King's Way, Hyannis, Massachusetts 02601 (508) 778-1492*
*Fax (508) 771-7926*

June 15, 2004

Clerk - CIVIL BUSINESS
BROCKTON DISTRICT COURT
215 Main Street
P.O. Box 7610
Brockton, MA 02303-7610

Re:   Ernest P. Howland
Vs:   Home Depot U.S.A., Inc.
No:   0415 CV 1004

Dear Sir or Madam:

Enclosed please find for docketing and filing:

1.   Summons /Return of Service and
2.   Affidavit of Service of Process (Service by certified mail on June 10, 2004)

Thanking you for your courtesies in this regard, I am

Very truly yours,

Charles E. Berg

CEB/ll
Enclosures

C:\OFFICE\WPWIN\WPDOCS\CEBDOCS\CLIENT\HOWLANDE\COURTBDC.L01

*Please direct all correspondence and inquiries to our Brockton office.*