UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ERNEST P. HOWLAND
        Plaintiff,

v.

HOME DEPOT U.S.A., INC.
        Defendant.

C.A. No. 04 CV 11466 (RWZ)

**MOTION FOR PROTECTIVE ORDER**

NOW COMES Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") in the above captioned action and respectfully requests this Court issue a protective order regarding the proposed July 29, 2005 depositions of William Shea ("Shea"), Sylvia Ramsdale ("Ramsdale"), and Ed Boylan ("Boylan") as discovery closed on June 1, 2005 and the Rule 56 deadline is July 15, 2005; dates requested by joint motion and approved by the Court on March 28, 2005.

### INTRODUCTION

On March 23, 2005, Plaintiff Ernest P. Howland ("Howland" or "Plaintiff") and Defendant moved jointly for an extension of all deadlines, most importantly the fact discovery deadline, to ensure adequate amounts of time for the conducting of discovery and the taking of depositions. This was the second time the parties moved for an extension of the discovery period. The Court approved the joint motion on March 28, 2005, setting a discovery deadline of June 1, 2005 and a Rule 56 deadline of July 15, 2005.

On June 28, 2005, Plaintiff noticed three depositions for July 29, 2005 – nearly <u>two months past the discovery deadline</u> and <u>two weeks after the deadline for submission of summary judgment motions</u>.

## **A**RGUMENT

### I. The Noticed Depositions are Untimely and therefore the Court Should Grant Defendant's Motion for a Protective Order

In light of the fact that the discovery deadline in this matter has long since come and gone, Defendant respectfully requests this Court grant Defendant's request for a protective order regarding the depositions of Shea, Ramsdale, and Boylan.  By failing to make a timely motion to extend the scheduling order and simply ignoring the discovery deadline, Plaintiff has waived his right to take these depositions.

Plaintiff was required to seek leave of court through the filing of a motion for a third extension of the discovery period.  After the entry of the scheduling order, "the court may extend a scheduling order deadline on a showing 'of good cause if the [deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'" *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154 (1st Cir. 2004) (emphasis added) (citing Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 16(b)).  The "good cause" standard under Rule 16(b) emphasizes the diligence of the party seeking the amendment. *See id.* at 155 (string citation omitted). "Prejudice to the opposing party remains relevant but is not the dominant criterion. '[I]ndifference by the moving party seal[s] off this avenue of relief' irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause.'" *See id.* (internal citations omitted).

Plaintiff's failure to notice these depositions prior to June 1 and his failure to file a Rule 16(b) motion to extend the discovery period containing any specific circumstance meeting the

2

"good cause" standard and noticing depositions for two weeks after the summary judgment deadline warrants imposition of the protective order requested by Defendant.

WHEREFORE, Defendant respectfully requests this Court grant its request and issue a protective order regarding the depositions of Shea, Ramsdale, and Boylan.

        Respectfully submitted,

        HOME DEPOT, U.S.A., INC.

        By its attorneys

        ___/s/ Leah M. Moore_____
        Robert P. Joy (BBO No. 254820)
        Leah M. Moore (BBO No. 658217)
        MORGAN, BROWN & JOY, LLP
        200 State Street
        Boston, Massachusetts  02109
        617-523-6666 (phone)
        617-367-3125 (fax)

Date:  July 11, 2005

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that I attempted to confer with counsel for Plaintiff, Charles E. Berg, Esq. regarding the filing of this motion in compliance with Local Rule 7.1 of the Federal Rules of Civil Procedure.

        _/s/ Leah M. Moore_____
        Leah M. Moore

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel for Plaintiff, Charles E. Berg, OFFICE OF ALBERT E. GRADY, 226 Montello Street, Brockton, MA 02401, by first-class mail this 11th day of July 2005.

                                                      /s/ Leah M. Moore_____
                                                     Leah M. Moore