UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 04 CV 11466 (RWZ)

———————————————————

ERNEST P. HOWLAND,

            Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

            Defendant.

———————————————————

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, plaintiff submits the following memorandum in opposition to the defendant's motion for summary judgment:

### INTRODUCTION

Defendant, in its summary judgment materials seeks dismissal of both counts of plaintiff's complaint, Count One, asserting a retaliatory discharge claim under the FMLA and Count Two, asserting a common law claim for wrongful discharge. Plaintiff does not oppose dismissal of Count Two and responds as follows to defendant's motion for summary judgment as to Count One.

### FACTS

The facts upon which plaintiff bases his claim of retaliatory discharge and his rebuttal of the employer's proffered justification for its decision to terminate his employment are set out, in

1

part, in Defendant's Statement of Undisputed Material Facts (cited herein as "*Defendant's Statement*") and in Plaintiff's Statement of Material Facts (cited herein as "*Plaintiff's Statement*") filed herewith.   These facts may be summarized as follows:

Plaintiff requested of his store manager vacation time to coincide with his wife's scheduled cesarean delivery date. (*Defendant's Statement* at ¶ 24).   Plaintiff was informed by the scheduler that the store manager had disapproved the request, telling her that "Ernie's not getting a week off. . .  When my wife had a baby I only took a day [off]." (*Plaintiff's Statement* at ¶ 2). [1] Plaintiff then went to the human resources manager and inquired about his rights under the Family Medical Leave Act. (*Plaintiff's Statement* at ¶ 3).   The human resources manager told plaintiff that he would get him the necessary forms to complete the following day.  (Id.)  On the following day plaintiff arrived at work to find that the night shift had pulled the stock off the shelves in his departments, and only in his departments, and left the aisles in disarray.(*Plaintiff's Statement* at ¶ 4).   Plaintiff was called into the office by his assistant store manager and told that he was terminated because the store manager was upset by the condition of the shelves and aisles in his departments. (*Plaintiff's Statement* at ¶ 6; see also *Defendant's Statement* at ¶ 21 and Termination Notice at Tab L to *Declaration of Leah M. Moore in Support of Defendant's Motion for Summary Judgment*). Plaintiff knows of no reason why the night shift pulled the

---

1.    Defendant in section II.C.(1) of its Memorandum of Law mischaracterizes this comment by the store manager, as related to Howland by the scheduler, as "double hearsay".  The statements are in fact not "hearsay" at all but at both levels (store manager and scheduler) are clearly admissible as party opponent admissions under *Fed. R. Evid.* 801 (d) (2) (D), being statements made by the employer's agents concerning matters within the scope of their employment, made while they were so employed. *See e.g.* Weston-Smith v. Cooley Dickinson Hospital, Inc., 282 F.3d 60, 66-67 (1st Cir. 2002); Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1238 n.1 (2d Cir. 1995) (multi-level admissions by employees admissible if they concern matters within the scope of each employee's duties). *See Fed R. Evid.* 805 (hearsay within hearsay admissible if each part falls within an exception).

stock from the shelves in his departments. (*Plaintiff's Statement* at ¶ 5). The assistant manager, who was plaintiff's direct supervisor and who ordinarily would be consulted before one of his department heads was terminated (*Plaintiff's Statement* at ¶ 10), was not consulted but was told by the store manager to terminate plaintiff (*Plaintiff's Statement* at ¶ 11). The assistant manager had been working with plaintiff to improve his performance and felt that plaintiff had been improving as of the day he was told to terminate him. (*Plaintiff's Statement* at ¶¶ 8, 9). The assistant manager, some time after plaintiff had been terminated, was called into the human resources office and told by the human resources manager that he was preparing to meet with company lawyers regarding plaintiff's termination and needed to document plaintiff's file with regard to meetings between the assistant manager and plaintiff (*Plaintiff's Statement* at ¶ 12). The human resources manager was then observed to complete so-called Performance Discussion Tracking Forms (Tabs I and K to *Declaration of Leah M. Moore in Support of Defendant's Motion for Summary Judgment*) concerning meetings between the assistant manager and plaintiff, presumably in order to provide documentation in the file to justify the decision to terminate plaintiff (*Plaintiff's Statement* at ¶ 12). Plaintiff himself testified at his deposition that he did not recall all of the meetings supposedly documented on Performance Discussion Tracking Forms found in his personnel file (*Defendant's Statement* at ¶ 20 & n.3).

## APPLICABLE LAW

In a claim under the Family and Medical Leave Act of 1993 [ "FMLA"] (29 U.S.C. § 2601-2619 (1994), for retaliation for exercising one's rights under the Act, plaintiff's prima facie case consists of showing that he availed himself of a protected right under the Act, that he was

adversely affected by an employment decision, and that there is a causal connection between the two actions. Hodgens v. General Dynamics Corp., 144 F.3d 151, 160 (1st Cir. 1998). To rebut the presumption that plaintiff's termination was in retaliation for requesting leave under the FMLA, the employer need only "articulate some legitimate, nondiscriminatory reason" for plaintiff's termination. Id., citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Once the employer has articulated a legitimate, non-retaliatory reason for termination, the burden shifts back to the plaintiff, at the third stage of the *McDonnell Douglas* framework, to show by a preponderance of the evidence that the employer's "stated reason for terminating him was in fact a pretext for having taken [or requested] protected FMLA leave." Hodgens, supra at 161; El Kouni v. Trustees of Boston University, 169 F.Supp.2d 1, 3 (D.Mass. 2001).

Plaintiff may prove pretext either indirectly by showing that the employer's stated reasons for its adverse action are not credible, or directly by showing that such action was more likely motivated by a discriminatory reason. Hodgens, supra at 168.

> [T]o avoid summary judgment, the plaintiff's evidence rebutting the employer's proffered legitimate reasons must allow a factfinder reasonably to infer that each of the employer's proffered legitimate reasons . . . was either a post hoc fabrication or otherwise did not actually motivate the employment action (that is, the proffered reason is a pretext).

Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994)(Title VII case)(citations omitted).

Since it is rare to find direct proof that an adverse personnel decision was made for a retaliatory purpose, the court must carefully scrutinize plaintiff's affidavits and other summary judgment materials for circumstantial evidence that could support an inference of retaliation and/or discredit the employer's proffered reasons for its termination decision. *See* Chertkova v.

4

Connecticut Gen. Life Ins. Co., 92 F.3d 81 (2d Cir. 1996)(Title VII case).   Pretext can be

indirectly proved by showing weaknesses, implausibilities, inconsistencies, incoherences or

contradictions in such proffered reasons. Hodgens, supra at 168.   In addition temporal proximity

between an employee's protected activity and adverse action by the employer may give rise to an

inference of retaliatory motive.   Id.   In assessing discriminatory motive a court may also

consider other factors such as the historical background of the challenged decision, the specific

sequence of events leading up to it and substantive departures from the employer's usual

practices.   Id. at 168-169.

ARGUMENT

Plaintiff Has Proffered Sufficient Proof To Support A Reasonable Inference of Pretext

Here the employer points to plaintiff's poor job performance as justification for its

termination decision.   However the case made out by plaintiff includes direct evidence of

retaliatory intent and circumstantial evidence to support a reasonable inference of pretext and

post hoc fabrication sufficient to create a genuine issue of material fact as to the real reason for

his discharge.

1.    The store manager had denied plaintiff's request for vacation leave because the manager

      himself had only taken one day when his wife gave birth (which evidence supports a

      reasonable inference that the store manager was retaliating in terminating plaintiff when

      plaintiff subsequently sought leave under the FMLA).

2.    The assistant store manager, plaintiff's direct supervisor, considered plaintiff's job

      performance to be "improving" in mid-April, 2004 (which contradicts the claim by the

      store manager that plaintiff had not shown improvement).

3.  The assistant manager was conspicuously not consulted by the store manager prior to a termination decision being made (which supports a reasonable inference that the store manager's termination decision was not based on plaintiff's job performance).

4.  Plaintiff was terminated the day after discussing FMLA leave with the human resources manager (the proximity in time between plaintiff's attempt to exercise his rights under the FMLA and the adverse job action taken by the employer supports a reasonable inference of retaliation).

5.  On the day he was terminated plaintiff arrived at the store to discover that the night crew inexplicably pulled the stock off the shelves only in plaintiff's department leaving his aisles in "disarray" (which supports a reasonable inference that this was done to create a pretext for terminating plaintiff).

6.  The condition of the aisles in plaintiff's departments was cited as the immediate reason for his termination (which is consistent with a reasonable inference that plaintiff was being "set up" for termination).

7.  The human resources manager "papered" plaintiff's personnel file after plaintiff brought legal action (which supports a reasonable inference that the employer's proffered justification for plaintiff's termination is a post hoc fabrication).

8.  Plaintiff himself testified at his deposition that he could not recall all of the meetings supposedly documented on Performance Discussion Tracking Forms found in his personnel file (which also supports a reasonable inference that the employer's proffered justification for plaintiff's termination is a post hoc fabrication).

<u>CONCLUSION</u>

Plaintiff has shown sufficient proof to create genuine issues of material fact as to direct evidence of retaliatory intent and circumstantial evidence that the proffered justification for his termination is pretext.   If believed by the fact finder such proof would entitle plaintiff to recover under Count One of his complaint, alleging violation of the FMLA.   Defendant's motion for summary judgment should therefore be DENIED.

Dated: <u>July 29, 2005</u>

Respectfully submitted,
Ernest P. Howland,
By his attorneys,

Charles E. Berg (BBO # 038580)
Office of Albert E. Grady
226 Montello Street
Brockton, MA 02301
Tel: 508-583-8562
Fax: 508-586-0734

---

**CERTIFICATE OF SERVICE**

I, Charles E. Berg, attorney of record for the above-named plaintiff ~~defendant~~ hereby certify that on the date set forth above I served a true copy of the attached document upon all the parties hereto by ~~delivery email facsimile certified mail/return receipt requested~~ first class postage addressed to each ~~party appearing pro se and to the~~ attorney of record for each other party.

Charles E. Berg

Charles E. Berg (BBO# 038580)

---